TEXTILE MILLS SECURITIES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75423. Promulgated September 28, 1938.

*E. S. Kochersperger, Esq.*, for the petitioner.
*J. H. Pigg, Esq.*, for the respondent.

**OPINION.**

Turner: In his notice of deficiency the respondent rested his disallowance of the deductions here in issue on the provisions of article 262 of Regulations 74,[1] which states in part that "Sums of money expended for lobbying purposes, the promotion or defeat of legislation, the exploitation of propaganda, including advertising other than trade advertising, and contributions for campaign expenses, are not deductible from gross income." He makes no claim that the acceptance of employment such as is involved in this proceeding was not within the scope of petitioner's powers or business. Neither does he make any claim that the expenses incurred were not in fact ordinary and necessary in performing the services required of it under its contract. He now rests his claim wholly upon the decision

---

[1] Art. 262. *Donations by corporations.*—Corporations are not entitled to deduct from gross income contributions or gifts which individuals may deduct under section 23 (n). Donations made by a corporation for purposes connected with the operation of its business, however, when limited to charitable institutions, hospitals, or educational institutions conducted for the benefit of its employees or their dependents are a proper deduction as ordinary and necessary expenses. Donations which legitimately represent a consideration for a benefit flowing directly to the corporation as an incident of its business are allowable deductions from gross income. For example, a street railway corporation may donate a sum of money to an organization intending to hold a convention in the city in which it operates, with the reasonable expectation that the holding of such convention will augment its income through a greater number of people using the cars. Sums of money expended for lobbying purposes, the promotion or defeat of legislation, the exploitation of propaganda, including advertising other than trade advertising, and contributions for campaign expenses, are not deductible from gross income.

of the United States Circuit Court of Appeals for the Ninth Circuit in *Sunset Scavenger Co.* v. *Commissioner*, 84 Fed. (2d) 453, which reversed the Board and approved the regulation cited. At the hearing his counsel stated that "the question in one sentence is whether the Board will follow that decision or whether it won't."

The petitioner admits that the expenses in question were incurred for services relating solely to the promotion of legislation, but claims that they were ordinary and necessary to the performance of the services required under its contracts and were therefore allowable deductions under the statute, section 23 (a) of the Revenue Act of 1928.[2]

In *Sunset Scavenger Co.* v. *Commissioner*, *supra*, the court states that the statute is "ambiguous because it makes no determination of what is or is not an 'ordinary and necessary' expense" and holds that article 262 of Regulations 74, which limits "the sweeping terms of the statute by prohibiting the deduction" of the expenditures made to avert the enactment of legislation unfavorable to the taxpayer is controlling since the statutory provision allowing the deduction of ordinary and necessary expenses has been reenacted without change in all of the revenue acts after the Revenue Act of 1918, under which the regulation in question was first promulgated. The court further states that the Board in *G. T. Wofford*, 15 B. T. A. 1225, and *Los Angeles & Salt Lake Railroad Co.*, 18 B. T. A. 168, as well as in the case there under consideration, took the view that the expenditures must have been for some illegal purpose to place them outside the provisions of the statute. It was held that such a conclusion was unsound in that it gave no consideration to the effect of the regulation and was equivalent to reading something into the regulation which could not there be found.

The petitioner questions both the application of the decision in *Sunset Scavenger Co.* v. *Commissioner*, *supra*, to the facts in the instant case and the reasoning of the court as to the purpose and effect of the regulation. As to the latter, it is argued that article 262 is not an interpretation of the term "ordinary and necessary expenses", but has to do with contributions which depend for their allowance as deductions upon an entirely different provision of the statute, and under such circumstances that Congress can not be said to have approved any such limitation or meaning of the term "ordinary and necessary expenses", as the respondent claims and the court has determined. While it is true that the article in question does appear in the Commissioner's regulation following the quotation of

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) *Expenses.*—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *.

that provision of the statute, section 23 (n),[3] which deals with the allowance of charitable and other contributions as deductions, it is to be noted that the statute makes no allowance therein for the deduction of contributions or gifts made by a corporation, and the apparent purpose of the article is to show that, while expenditures made by a corporation may not be deducted as contributions after the manner of an individual taxpayer, such expenditures are proper deductions as "ordinary and necessary expenses" where they are made legitimately and for the purpose of procuring a direct benefit "to the corporation as an incident of its business." In other words, the article clearly and obviously shows that the test of deductibility of expenditures by corporations is to be found in that portion of the statute governing the deductibility of ordinary and necessary expenses rather than in the provision of the statute covering the deductibility of contributions. Accordingly, the argument of petitioner that the Commissioner's regulation has no relation to the provision of the statute providing for the deduction of "ordinary and necessary expenses" must be regarded as unsound.

On the facts a distinction can be drawn between the instant case and *Sunset Scavenger Co.* v. *Commissioner, supra,* but in our opinion the distinguishing facts do not take the instant case outside the ruling of the court. It is true that in *Sunset Scavenger Co.* v. *Commissioner* the legislation in respect of which the expenditure was made would have directly affected the business in which the taxpayer was engaged, while in the instant case the petitioner was not promoting or opposing legislation which directly affected the business in which it was regularly engaged, but, as an agent, was seeking to promote legislation for the benefit of others and its compensation was to be received for services rendered as such agent and not from the possible effect the legislation might have on petitioner's business. In other words, the petitioner was lobbying in behalf of legislation for its own benefit only in so far as it would receive compensation for such lobbying activities from the parties who were to be directly affected and benefited. The activities, however, were none the less lobbying activities and the language of the regulation is sufficiently broad to cover the expenditures of both principal and agent. We are, therefore, unable to find the distinction claimed by the petitioner between the instant case and that of the *Sunset Scavenger Co.*

---

[3] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\*      \*      \*      \*      \*      \*      \*

(n) *Charitable and other contributions.*—In the case of an individual, contributions or gifts made within the taxable year \* \* \*.

Accordingly, if we conclude, as did the court in *Sunset Scavenger Co.* v. *Commissioner*, that the regulation is to be applied in all cases where the activities in respect of which the expenditures are made may reasonably be said to fall within the terms of the regulation, we need go no further, even though the expenses are in fact ordinary and necessary to the conduct of the taxpayer's business. In applying the statute and the regulation, however, the Board has consistently considered the facts in each particular case and has reached its conclusion as to whether or not the expenditures were in fact ordinary and necessary. See particularly *Sunset Scavenger Co.*, 31 B. T. A. 758, and *Los Angeles & Salt Lake Railroad Co.*, *supra*. With all due respect to the honorable court, we feel that the facts herein are such that obligatory application of the regulation would result in misapplication of the statute in the instant case. Compare *William P. Kyne*, 35 B. T. A. 202, wherein it appears that there was some question as to the legality of the business in which petitioner was engaged, and *Lelia S. Kirby*, 35 B. T. A. 578, wherein it does not appear that the activities of the Southern Tariff Association, to which the petitioner made contributions, had a direct bearing on petitioner's business.

In section 12 of the Trading with the Enemy Act, under which the property sought to be recovered was seized, it is stated that "after the end of the war any claim of any enemy or of an ally of enemy to any money or other property received and held by the Alien Property Custodian or deposited in the United States Treasury, shall be settled as Congress shall direct." (40 Stat. 424.) Obviously the only recourse for the restitution of the property so seized was with Congress, and in our opinion the language of the statute was in effect an invitation to the parties whose property had been seized to present their claims to Congress at the end of the war. *Cummings* v. *Deutsche Bank*, 300 U. S. 115, 120, 121. They were aliens and consequently were at some disadvantage in preparing and presenting their claims, and it was logical that they should seek aid and assistance in this country. The petitioner was engaged generally in the representation of foreign interests in connection with their property and business affairs in the United States and it was in keeping with the circumstances of both parties and the relationship between them that the petitioner should be employed by the particular group of aliens referred to herein in their efforts to recover the property which had been seized. The respondent has made no claim, as we have pointed out, that such employment was outside the scope of petitioner's powers or business and we have concluded from the record that the services rendered were necessary for the accomplishment of the desired result. There has been no showing that the petitioner indulged in any questionable practices in carry-

ing out the purposes of its employment and no showing or claim that the activities in respect of which the expenses were incurred were against public policy. Cf. *National Outdoor Advertising Bureau, Inc.* v. *Helvering*, 89 Fed. (2d) 878. Accordingly we are unable to reach any conclusion except that the expenses here in question were in fact "ordinary and necessary" in the conduct of petitioner's business and, having reached that conclusion, it is our opinion that the statute directs their allowance as deductions in determining petitioner's net income. Cf. *Lucas* v. *Wofford*, 49 Fed. (2d) 1027, affirming 15 B. T. A. 1225.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

BLACK, dissenting: Article 262 of Treasury Regulations 74, quoted in the majority opinion, provides, among other things, as follows: "Sums of money expended for lobbying purposes, the promotion or defeat of legislation, the exploitation of propaganda, including advertising other than trade advertising, and contributions for campaign expenses, are not deductible from gross income." I think this is a wholesome regulation and correctly interpretative of the law. There seems to be little, if any, doubt that the expenditures which the petitioner sought to deduct as ordinary and necessary business expenses and which the Commissioner has disallowed as deductions from gross income fall within the foregoing regulation. The majority opinion, as I read it, concedes that fact, but holds that the regulation, when applied to expenditures such as were made in the instant case and disallowed by the Commissioner, is too broad and reads something into the law which is not there. I am unable to agree with that interpretation.

The Ninth Circuit, in the *Sunset Scavenger Co.* case, cited in the majority opinion, gave unqualified approval to the quoted Treasury regulation as being a reasonable and correct interpretation of the law.

In *William P. Kyne*, 35 B. T. A. 202, and *Lelia S. Kirby*, 35 B. T. A. 578, we cited and followed the court's opinion in the *Sunset Scavenger Co.* case. I am not convinced that we should depart from that position in the instant case. It is perfectly true, as the majority opinion points out, that there are some differences in the facts in the *Kyne* and *Kirby* cases from the facts of the instant case, but I do not think these differences are sufficient to justify a distinction and a different ruling in the instant case from that which we made in the *Kyne* and *Kirby* cases. I, therefore, record my dissent from the majority opinion and think the decision on this point should be for the Commissioner.

MELLOTT and DISNEY agree with this dissent.