SAMUEL OCHS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28289. Promulgated July 31, 1951.

*Julian G. Culver, Esq.,* for the petitioner.
*Charles M. Greenspan, Esq.,* for the respondent.

OPINION.

BLACK, *Judge:* The sole question presented for our determination in this proceeding is whether expenses in the amount of $1,456.50 incurred by the petitioner in the year 1946 for maintaining his two minor children in certain day schools and boarding schools are deductible as medical expenses under section 23 (x) of the Internal Revenue

Code. The applicable statutes are printed in the margin.[1] Regulations 111, section 29.23 (x)–1, reads in pertinent part as printed in the margin.[2]

Section 24 (a) (1) of the Code prohibits the deduction of personal, living, or family expenses, except extraordinary medical expenses which are deductible under section 23 (x). A taxpayer seeking a deduction must show that he comes within the terms of the statute relied upon. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. Thus, it is clear that petitioner must prove that the payments in question are within the scope of the statutory term, "medical care." Do the facts in the instant case bring the $1,456.50 which petitioner seeks to deduct as medical expenses within the scope of expenditures for "medical care" as defined in the applicable statute and Treasury regulations? We do not think they do. There can be no doubt but that the facts show that petitioner in the year 1946, acting on the advice of a competent physician, sent his children to a private day school the first half of the year and to a boarding school the latter half of the year so that his ailing wife might be relieved of the pain and irritation of excessive use of her voice. It was his thought that this action would aid his wife in the recovery of her voice and would help in avoiding the possi-

---

[1] INTERNAL REVENUE CODE.

SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x) ;

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

\* \* \* \* \* \* \*

(x) MEDICAL, DENTAL, ETC., EXPENSES.—Expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent specified in section 25 (b) (3), to the extent that such expenses exceed 5 per centum of the adjusted gross income. \* \* \* The term "medical care", as used in this subsection, shall include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance).

[2] SEC. 29.23 (x)–1. MEDICAL, DENTAL, ETC., EXPENSES.— \* \* \*

\* \* \* \* \* \* \*

The term "medical care" as used in this section and in section 23 (x) includes amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance). \* \* \* Allowable deductions under section 23 (x) will be confined strictly to expenses incurred primarily for the prevention or alleviation of a physical or mental defect or illness. Thus, payments for expenses for hospital, nursing, (including nurses' board where paid by the taxpayer), medical, laboratory, surgical, dental and other diagnostic and healing services, for drugs and medical and dental supplies (including artificial teeth or limbs), and for ambulance hire and travel primarily for and essential to the rendition of the medical services or to the prevention or alleviation of a physical or mental defect or illness, are deductible.

bility of a recurrence of the cancer for which she had been operated upon in 1943.

Petitioner testified that he was particularly concerned about the medical advice which he had received to the effect that a recurrence of the cancer within a 5-year period would prove fatal to his wife and he testified that he was prepared to incur any expense within his financial ability to avoid this tragedy. We have no reason to doubt the good faith and truthfulness of petitioner's testimony in this respect and certainly his devotion and consideration for his wife were altogether admirable. But do the circumstances under which the amounts expended were incurred bring these expenses within the term "medical care" as defined by the statute and applicable Treasury regulations? We have already stated we do not think they do.

Both parties discuss in their briefs the case of *Edward A. Havey*, 12 T. C. 409, which was decided against the taxpayer. The facts in that case were altogether different from the facts in the instant case but we did enter into a comprehensive discussion of the applicable statute and regulations and much of the discussion is pertinent here. In the *Havey* case, among other things, we said:

In approaching this question it is necessary to have in mind the basic concept of section 24 (a) (1) of the code that personal, living, and family expenses are not deductible. Thus, many expenses, such as the cost of vacations, though undoubtedly highly and directly beneficial to the general health, or athletic club expenses by means of which an individual keeps physically fit, are not deductible because they fall within the category of personal or living expenses. To be deductible as medical expense, there must be a direct or proximate relation between the expense and the diagnosis, cure, mitigation, treatment, or prevention of disease or the expense must have been incurred for the purpose of affecting some structure or function of the body.

Both parties also cite and comment upon the case of *L. Keever Stringham*, 12 T. C. 580, affd. per curiam 183 F. 2d 579. In the *Stringham* case, the taxpayer's 5-year-old daughter, who had experienced various respiratory ailments throughout her infancy, early in November 1944, suffered an attack of bronchitis, bordering on pneumonia. The taxpayer immediately sent his daughter, accompanied by her mother, to Arizona where the child was enrolled in a private boarding school. One month later the mother returned home, leaving the child at the school where she remained until the close of school the following May. The Court held that the expense incurred in connection with the transportation to, and the maintenance of taxpayer's infant daughter at, a boarding school in Arizona, exclusive of expenses attributable to her education was deductible as expense for "medical care" under section 23 (x) of the Code.

The facts in the *Stringham* case are distinguishable from those present in the instant case in that in the *Stringham* case the expenses incurred in sending the taxpayer's child to boarding school in Arizona

were incurred because of the child's own ill health. This is not true in the instant case. The testimony is to the effect that petitioner's two children were both in excellent health. In fact it was their youthful exuberance, coupled with their early age and lack of understanding of their mother's condition, which made it so difficult for the mother to care for them under the handicap of her lack of voice and nervousness.

We are convinced from the evidence that the sending of the children to day school and boarding school in 1946 was good for their welfare and it was also helpful in promoting the recovery of the health of Mrs. Ochs. However, we are unable to find, for reasons already stated, that the $1,456.50 expenditure which the petitioner incurred in 1946 in sending the two children to school is deductible as expenses for medical care under the provisions of section 23 (x), I. R. C., and the applicable Treasury regulations. We so hold.

Reviewed by the Court.

*Decision will be entered for the respondent.*

KERN and RAUM, *JJ.*, dissent.