Austin T. Flett v. Commissioner.
Flett v. Commissioner
Docket Nos. 71216, 79356.
United States Tax Court
T.C. Memo 1960-157; 1960 Tax Ct. Memo LEXIS 132; 19 T.C.M. (CCH) 825; T.C.M. (RIA) 60157; July 20, 1960
Austin T. Flett, pro se, 135 South La Salle Street, Chicago, Ill., Arthur N. Nasser, Esq., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in the income tax of petitioner and additions thereto for the years 1955, 1956 and 1957 as follows: Addition under
Year
Deficiency
Section 6654 [1]
1955
$568.86
$22.75
1956
949.29
19.98
1957
901.17
15.62
Petitioner does not take issue with the additions to tax under section 6654. The following schedule shows petitioner's deductions for the years 1955, 1956, and 1957 which are now in issue to the extent indicated by respondent's respective determinations: Amount Dis-
Amount
allowed by
Item Deducted
Deducted
Respondent
1955
Outside Office Expense
$ 280.00
$ 280.00
Medical Expense: Petitioner's Wife
2,000.00
2,000.00
Petitioner
375.00
269.88
1956
Outside Office Expense
240.00
240.00
Travel Expense to Washington
588.47
588.47
Group Insurance
229.14
229.14
Medical Expense: Petitioner's Wife
2,000.00
2,000.00
Sales Tax, Gas Tax and Auto License
276.50
73.86
1957
Long-Distance Train and Plane Expense
(Home to Washington, D.C.)
481.95
481.95 *
Travel Expense: Hotel and Other Services (in Chicago)
1,036.91
1,036.91 *
Meals (3 per day for 350 days)
1,645.00
1,645.00 *
Miscellaneous Expenses at Hotel Laun-
dry, etc. (50 weeks)
175.00
175.00 *
Group Insurance
285.24
285.04 **
Sales Tax, Gas Tax and Auto License
276.50
92.15 ***
*134 In addition to the above, respondent's determination adds self-employment tax for the years 1956 and 1957 under the provisions of section 1401. General Findings of Fact Petitioner filed his individual income tax returns for the calendar years in issue with the district director of internal revenue, Chicago, Illinois. Petitioner lived with his wife and family in a rented house in Naperville, Illinois, and commuted to Chicago each day to conduct his business until about 1947. During the years in issue and for some years prior, he was associated as an insurance broker with W. A. Alexander & Company, a general line insurance firm at 135 South LaSalle Street in Chicago. This was his only place of business. He maintained office space there and all but a nominal amount of his income during the years in issue was derived from this association. Issue 1. Medical Expense Deductions Findings of Fact In about 1944, petitioner's *135 wife contracted a crippling form of rheumatoid arthritis which was apparently aggravated by the Illinois climate. In about 1947, acting on the advice of doctors, petitioner purchased a house in Phoenix, Arizona, to which he moved his wife and household belongings. Petitioner remained in Chicago and during the years in issue, he lived in a downtown hotel room and sent his wife $150 to $200 each month for living expenses as well as making the mortgage payments on the Phoenix house. The health of petitioner's wife improved in the Arizona climate and during the years in issue she did not see any doctors, take any treatments or receive any medication. During these years one of petitioner's adult daughters lived with and aided his wife and contributed a small part of the Phoenix household expenses. Opinion The issue framed is the factual determination of whether petitioner is entitled to certain claimed medical deductions under section 213, Internal Revenue Code of 1954, [2] which were disallowed by respondent for the years in question. As we informed petitioner during the trial of this case, the burden is upon him to overcome the prima facie correctness of respondent's *136 determination. Having carefully sifted the barren record before us, we must conclude that petitioner has failed to carry this burden. Under the Internal Revenue Code of 1954, as was the case with that of 1939, it is sometimes hard to distinguish between an allowable medical expenditure and an expenditure that is primarily a personal living expense, [3] but it is only the former that is deductible. Bertha M. Rodgers, 25 T.C. 254, 259 (1955), affd. *137 241 F. 2d 552 (C.A. 8, 1957); Frances Hoffman, 17 T.C. 1380 (1952); L. Keever Stringham, 12 T.C. 580 (1949), affd. 183 F. 2d 579 (C.A. 6, 1950). Petitioner claims a flat deduction of $2,000 as a medical expense for his wife during the years 1955 and 1956. She was not under the care of any doctor during these years nor did she receive any treatment or medication. The record discloses only two direct expenditures made by petitioner on behalf of his wife during said period, i.e., the monthly sums he sent her and the mortgage payments on the house in Phoenix where she lived. The mere fact that petitioner's wife was residing where the climate was beneficial to her arthritic condition at the time petitioner sent her the $150 to $200 per month does not, in and of itself, qualify these payments as medical expenditures. Frances Hoffman, supra. Petitioner himself states that these amounts were for her "to live on," and he has not established *138 that these funds were used by his wife for any medical purpose. The mortgage payments made by petitioner on the Phoenix house in which his wife resided during the years in issue constituted capital expenditures, which are not deductible as medical expenses. Frank S. Delp, 30 T.C. 1230. In addition to the above direct expenditures, petitioner also seems to contend that his own living expenses in Chicago were greatly increased because of his wife's absence, and that this increase should be allowed under section 213, supra. That the illness of one member of a family cannot make deductible any increase in the personal living expenses of other family members was the precise question decided in Samuel Ochs, 17 T.C. 130, affd. 195 F. 2d 692, certiorari denied 344 U.S. 827, and thus petitioner's contention fails. We note also that petitioner has failed to prove the amount of this claimed increase in his own living expenses, or that any such increase in fact existed. Petitioner did not introduce any evidence with respect to respondent's disallowance of part of petitioner's own medical expense claimed and deducted for 1955. For the *139 above reasons, respondent's disallowance of petitioner's claimed and deducted medical expenses for 1955 and 1956 is sustained. Issue 2. Away-from-Home Expenses Findings of Fact After moving his wife to Phoenix, petitioner initially spent 1 out of every 3 months with her there, but because of economic circumstances he was soon forced to curtail such trips. His 1957 return indicates that he may have spent about 2 weeks in Phoenix, but the record is otherwise silent as to the amount of time petitioner spent in Phoenix during the years in issue. On his 1955 and 1956 income tax returns petitioner showed his "Home Address" as 701 North Michigan Avenue, Chicago, (the address of the aforesaid downtown hotel). On his 1957 return he struck the word "Home" from the form and showed his address as 135 South LaSalle Street, Chicago. Opinion Petitioner does not claim medical deductions for 1957, but contends that his residence during that year was Phoenix, Arizona and that he is therefore entitled to deduct his personal expenses incurred while conducting his trade or business in Chicago under section 162(a)(2). Petitioner's estimate of this claimed deduction, which he termed "Travel *140 Expenses," was calculated on the basis of his having spent 50 weeks in Chicago, and the record shows that he conducted his insurance business from, and maintained his office in, Chicago, and derived almost all of his income from this insurance business. Thus, we have found from all of the facts that during 1957, petitioner's principal place of business and his "home," as that term is used in the statute, were in Chicago; thus his estimated cost of living there for that year does not constitute an ordinary and necessary expense of his trade or business. See Commissioner v. Flowers, 326 U.S. 465 (1946), and James M. Eaves, 33 T.C. 938 (filed February 23, 1960). As we stated in the Eaves case, supra: "A worker who maintains a home as a family residence at one place while engaging in his trade or occupation at another place is not entitled to deduct from his gross income expenses which he incurs for meals and lodging at his principal place of employment. Claunch v. Commissioner, 264 F. 2d 309, affirming 29 T.C. 1047. " Issue 3. Travel Expense Claimed as Ordinary and Necessary Business Expense Findings of Fact During the years *141 in issue and for several years prior thereto, petitioner represented only capital stock insurance companies and sold their policies exclusively. He was in constant competition with mutual insurance companies offering the same genera l type of insurance policies at cheaper rates. Petitioner became convinced that these lower rates were possible only because of the taxexempt status of the mutual companies; that said companies were an important part of a world-wide movement to promote communism in the United States; were dedicated to the overthrow of the United States Government and that most of the United States Government officials were at the least lax and negligent in not recognizing the conspiracy for what it was and in allowing the tax-exempt status of the mutual insurance companies to continue. Petitioner made trips to Washington, D.C., in 1956 and 1957 to appear and testify before Congressional committees and engage in other activities designed to present his views concerning mutual insurance companies and governmental laxness. Opinion Assuming, but without deciding, that petitioner had a clear business motive for presenting his views on mutual insurance companies and governmental *142 laxness before various Congressional and other bodies in Washington, D.C., during 1956 and 1957, the cost of his trips for such purpose would still not be an ordinary and necessary business expense under section 162 since this activity clearly constituted what has been generally termed "lobbying." In our opinion petitioner's activities here are not distinguishable from those dealt with by the Supreme Court in Textile Mills Securities Corp. v. Commissioner, 314 U.S. 326 (1941). * That case denied deductions for lobbying expenses which resulted in legislation permitting the ultimate recovery of properties which had been seized under the wartime powers of the Alien Property Custodian. See also Roberts Dairy Co. v. Commissioner, 195 F. 2d 948, certiorari denied 344 U.S. 865, affirming a Memorandum Opinion of this Court, and cf. Cammarano v. United States, 358 U.S. 498, affirming 246 F. 2d 751 and 28 T.C. 591. *143 Issue 4. Deduction Claimed as Outside Office Expense Findings of Fact During 1955 and 1956, petitioner kept many files and papers in his hotel room in Chicago and worked on them there, but it is not clear whether said files and work pertained solely to the alleged communist conspiracy or concerned in part matters pertaining directly to his business of selling casualty and fire insurance policies. Opinion For the years 1955 and 1956, petitioner has claimed and deducted part of his hotel room rental as an ordinary and necessary business expense on the grounds that he stored files in his room and also worked there. However, there is no evidence in the record in any way indicating that these files were in "use" in his trade or business or that the work he performed in his room was done in "carrying on" his trade or business; in fact, there is some indication that the files were solely related to his activities discussed under Issue 3. Thus, respondent's disallowance of a deduction of part of said rental claimed for 1955 and 1956 is sustained. Issue 5. Deduction Claimed for Group Insurance Findings of Fact W. A. Alexander & Company made available to its associates, including *144 petitioner, some form of group insurance. During the years 1956 and 1957, petitioner had such coverage and paid a part of the premium cost. Opinion Petitioner has not shown that the cost of his group insurance was an ordinary and necessary expense of his trade or business and not a nondeductible personal expense. He has not even shown what type of insurance this was, and has simply argued that this item should be allowed as a "fringe benefit." Respondent's disallowance of this expenditure as a deduction is sustained. Issue 6. Partial Disallowance of Tax and License Expenses Sales tax, gas tax and auto license expenses were claimed on petitioner's returns for 1956 and 1957 under section 162 and disallowed in part by respondent's determination. Petitioner has presented no evidence as to these items, consequently respondent's determination is sustained. Issue 7. Self-Employment Tax Again petitioner has presented no evidence, nor made any arguments regarding respondent's action in adding the self-employment tax under the provisions of section 1401 for the years 1956 and 1957, consequently respondent's determination in this regard is sustained. Decisions will be entered *145 for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
*. Due to an error in the notice of deficiency, the total of these amounts was shown as $3,338.77, rather than the correct amount of $3,338.86. ↩
**. The 20-cent discrepancy is unexplained. ↩
***. Respondent now concedes that only $83.75 should be disallowed.↩
2. SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES. (a) Allowance of Deduction. - There shall be allowed as a deduction the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent (as defined in section 152) - * * *
(e) Definitions. - For the purposes of this section - (1) The term "medical care" means amounts paid - (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance), or (B) for transportation primarily for and essential to medical care referred to in subparagraph (A).↩
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
*. The part of the citation reading "reversing 117 F. 2d 628 and affirming 38 B.T.A. 623" was deleted and a period replaced the comma after " 314 U.S. 326 (1941)" by an official order of the Tax Court, dated August 10, 1960 and signed by Judge Forrester↩.