Albert W. Beck v. Commissioner.
Beck v. Commissioner
Docket No. 67140.
United States Tax Court
T.C. Memo 1958-155; 1958 Tax Ct. Memo LEXIS 71; 17 T.C.M. (CCH) 770; T.C.M. (RIA) 58155; August 15, 1958
*71 Petitioner is an electrical supervisor by trade. Since 1935, he has maintained a home in Richmond, Virginia, for his wife and children. From April 1954 until November 12, 1955, petitioner was employed as an electrical supervisor at Portsmouth, Ohio. Upon completion of this job petitioner returned to Richmond. During 1955, while in Portsmouth petitioner spent certain amounts for board and room, laundry, sales tax, and automobile expense. Held, the amounts thus spent were personal expenses within the meaning of section 262, I.R.C. 1954, and are not traveling expenses paid in connection with the performance of services as an employee or in the pursuit of a trade or business while away from home within the meaning of section 62(2)(B) or 162(a)(2) of said Code. Albert W. Beck, 2304 Grove Avenue, Richmond, Va., pro se. Ferd J. Lotz, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined a deficiency in income tax for the taxable year ended December 31, 1955, in the amount of $787.08. The only *73 issue is whether the respondent erred in disallowing $2,743.45 deducted by petitioner in his 1955 income tax return for traveling expenses. Findings of Fact Petitioner is an individual with residence in Richmond, Virginia. He filed an individual income tax return for the calendar year 1955 with the district director of internal revenue at Richmond. His occupation is that of an electrical supervisor. In a schedule attached to his return he reported wages received from Reynolds-Newberry Joint Venture in the amount of $8,944.50 from which he deducted expenses in the total amount of $2,743.45 which he itemized in the said schedule as follows: Rooms and meals
$2,025.00
Laundry
180.00
Ohio State sales tax
63.45
Auto expense
475.00
Total
$2,743.45
In a statement attached to the deficiency notice the respondent disallowed the amount so claimed by petitioner and explained his disallowance as follows: "The deduction of $2,743.45 claimed for traveling expenses 'away from home' has been disallowed because it has not been established that you were 'away from home', as that term is used in the Internal Revenue Code of 1954, during your employment in Portsmouth, Ohio. *74 " During the taxable year 1955, petitioner, while in Portsmouth, actually spent the total amount of $2,743.45 for the items mentioned above. In computing his tax, petitioner used the standard deduction provided in section 141 of the Internal Revenue Code of 1954. The stipulation of facts filed at the hearing is incorporated herein by reference. Paragraphs 2 to 7, inclusive, thereof are as follows: "2. The petitioner is a specially trained electrical supervisor in the field of power plant construction and has been engaged in this type of work for the past forty years; however, he does not have a business listing in the Richmond, Virginia, Telephone Directory. "3. Petitioner has been connected with the Stone-Webster Co. at 49 Federal St., Boston, Mass., since 1936 and has been assigned by that company to construction jobs in various parts of the country. During the period in question, however, the petitioner was not employed by or through this company. "4. Petitioner learned about the proposed construction of an atomic energy plant at Portsmouth, Ohio, and subsequently obtained employment with the Reynolds-Newberry Joint Venture which were electrical contractors *75 on this job. The petitioner then worked for the Reynolds-Newberry Joint Venture at the Portsmouth, Ohio, location as an electrical supervisor from April 1954 until November 12, 1955, a period of approximately nineteen months, of which about ten and one-half months fell within the taxable year in question. "5. The petitioner maintains his membership in the International Brotherhood of Electrical Workers, Local No. 1340, but did not use his union affiliation in securing the job in Portsmouth, Ohio, and has not used it for such purposes for the past twelve years. "6. During this period the petitioner rented lodgings in Portsmouth, Ohio, and ate his meals in restaurants there. The petitioner received no reimbursement or expense allowance from his employer, Reynolds-Newberry Joint Venture. "7. During the period of the petitioner's employment at Portsmouth, Ohio, he visited his family in Richmond, Virginia, only two or three times, usually when some holiday would allow him an extra day off, over a weekend." Reynolds-Newberry Joint Venture did not require petitioner to maintain his home in Richmond. It never brought up the question as to where petitioner was to maintain his home. *76 Petitioner was free to live wherever he desired. Petitioner maintained a home in Richmond, Virginia, since 1935 for his wife and children. When he left Portsmouth on or about November 12, 1955, he returned to Richmond and was without employment for the remainder of the taxable year 1955. Opinion The applicable statutory provisions are in the margin. [1] In Raymond E. Kershner, 14 T.C. 168, the applicable statutory provision was section 23(a)(1)(A) of the Internal Revenue Code of 1939, which is substantially the same as section 162(a)(2). In that case we said: "For the purposes of the statute, a taxpayer's home means his place of business, employment, or post or station at which he is employed. Commissioner v. Flowers, 326 U.S. 465; Moses Mitnick, 13 T.C. 1; Walter M. Priddy, 43 B.T.A. 18; Mort L. Bixler, 5 B.T.A. 1181. * * *" *77 Clearly, under this general rule, petitioner's place of business, employment, or post at which he was employed during the taxable year would be at Portsmouth, which for tax purposes would be considered his home notwithstanding that for personal reasons he maintained a home in Richmond for his wife and children. However, an exception to the above general rule has been recognized where a taxpayer has an established home in one location and accepts temporary employment of short duration at a distant place too far to commute. In such situations, deductions for traveling expenses have been allowed. Coburn v. Commissioner, 138 Fed. (2d) 763 (C.A. 2, 1943); Harry F. Schurer, 3 T.C. 544; E. G. Leach, 12 T.C. 20. Petitioner contends he comes within this exception and specifically relies upon the Leach case. In his brief petitioner argues that "Permanent jobs in the ordinary sense of understanding by a reasonable man, are those in which employment can be terminated only by the negligence, intemperance, incapacity, or incompetence of the employee, or the financial incapacity of the employer." So regarded, the employment incident to the construction *78 of the atomic energy plant at Portsmouth might be regarded as temporary. But the exception to the rule laid down in Commissioner v. Flowers, 326 U.S. 465, would not apply if the employment be of substantial duration even though it might be regarded as temporary in the sense that the employment would come to an end when the construction job was completed. We do not think petitioner's employment at Portsmouth can be said to be temporary. It was not the sort of employment in which termination within a short period could be foreseen. While perhaps lacking in permanence, it was "indefinite in duration rather than obviously temporary." Cf. Beatrice H. Albert, 13 T.C. 129. In Henry C. Warren, 13 T.C. 205, we said, "There is a well recognized difference between 'indefinite' employment and 'temporary' employment." In the recent case of Kermit L. Claunch, 29 T.C. 1047 (filed Feb. 28, 1958), we sustained the respondent's determination where the facts showed that the employment was indefinite rather than temporary. See also Ford v. Commissioner, 227 Fed. (2d) 297 (C.A. 4, 1955), affirming T.C. Memo. 1954-209 [13 TCM 1083,]. *79 Cf. James E. Peurifoy, 27 T.C. 149, reversed 254 Fed. (2d) 483 (C.A. 4, Nov. 11, 1957), certiorari granted - U.S. - (May 19, 1958). The burden of proof was upon petitioner to show that the employment in question was temporary, and that the respondent erred in disallowing the expenses here in question. We do not think he has met that burden. Therefore, we sustain the respondent's determination. Commissioner v. Flowers, supra; Willard S. Jones, 13 T.C. 880; Kermit C. Claunch, supra.
Decision will be entered for the respondent. Footnotes
1. Internal Revenue Code of 1954: SEC. 62. ADJUSTED GROSS INCOME DEFINED. For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions: * * *
(2) Trade and Business Deductions of Employees. - (B) Expenses for Travel, Away From Home. - The deductions allowed by part VI (sec. 161 and following) which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee. SEC. 63. TAXABLE INCOME DEFINED. (a) General Rule. - Except as provided in subsection (b), for purposes of this subtitle the term "taxable income" means gross income, minus the deductions allowed by this chapter, other than the standard deduction allowed by part IV (sec. 141 and following). (b) Individuals Electing Standard Deduction. - In the case of an individual electing under section 144 to use the standard deduction provided in part IV (sec. 141 and following), for purposes of this subtitle the term "taxable income" means adjusted gross income, minus - (1) such standard deduction, and (2) the deductions for personal exemptions provided in section 151. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * * SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩