KERMIT L. CLAUNCH AND WILLODEAN CLAUNCH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61883.    Filed February 28, 1958.

*Walter L. Mims, Esq.,* for the petitioners.
*Homer F. Benson, Esq.,* for the respondent.

OPINION.

BLACK, *Judge:* We have endeavored in our Findings of Fact to make a full statement of the facts which relate to the sole issue which we have to decide in this proceeding. These facts may be summarized as follows:

Petitioner, for the years in question, was a boilermaker by trade. During the early part of 1953 he was employed in his trade on two

separate jobs away from home, on one for a period beginning January 1 until January 20, 1953, and on the other for a period beginning January 27 through April 20, 1953. The respondent, recognizing that these jobs were temporary, allowed petitioner expenses claimed on his income tax return as to them. This is shown by the fact that petitioners on their joint return for 1953 claimed a deduction of $1,400 for "Board & Lodging away from home." The Commissioner in his determination of the deficiency has allowed as a deduction $340 of the amount claimed and he has disallowed the remainder, $1,060.

Regarding the employment of the petitioner at Rome, Georgia, it is respondent's contention that the employment was indefinite rather than temporary and he has disallowed petitioner's claim for deduction of expenses while employed there. With the exception of 2 brief periods of about 2 weeks each when a nonrelated union was on strike, petitioner was continuously employed by Babcock & Wilcox Company as a boilermaker at the Rome plant of the Georgia Power Company for a period of approximately 2 years. That, according to respondent's determination, was his post of duty during such time.

In the instant case, we have no issue as to the amount of petitioner's gross income in either of the taxable years. Likewise, we have no issue as to the amounts of the expenditures by petitioner for meals and lodging while he was employed at Rome, Georgia. Petitioner has deducted $5 a day to cover expenditures for meals and lodging and respondent does not question that that is a reasonable amount nor that petitioner actually spent that much for meals and lodging while working on the job. What respondent does question is that these expenditures are deductible under the applicable statutes. He has determined that in each of the taxable years during the time that petitioner was employed by Babcock & Wilcox at Rome that his post of duty was at his place of employment and he was not entitled to a deduction for traveling expenses and meals and lodging while so employed. On the other hand, it is petitioner's contention that his employment with Babcock & Wilcox at Rome was temporary within the applicable statutes and regulations and, therefore, the Commissioner erred in disallowing the deductions claimed.

The applicable statutes are printed in the margin.[1]

---

[1] Internal Revenue Code of 1939.

SEC. 22. GROSS INCOME.

(n) DEFINITION OF "ADJUSTED GROSS INCOME".—As used in this chapter the term "adjusted gross income" means the gross income minus—

* * * * * * *

(2) EXPENSES OF TRAVEL AND LODGING IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

Whether the kind of expenses petitioner claims are deductible in the instant case depends upon the facts in each case. Petitioner, in contending that the amounts which he expended for meals and lodging while on the job at Rome in 1953 and 1954 are deductible, relies heavily on *Harry F. Schurer*, 3 T. C. 544 (1944), and *E. G. Leach*, 12 T. C. 20 (1949). We think these cases are clearly distinguishable on their facts from the instant case. For example, in the *Schurer* case the taxpayer was a journeyman plumber. His home was in Pittsburgh, Pennsylvania, during the taxable year which was 1941. He accepted temporary employment at Indiantown Gap, Pennsylvania, at Aberdeen, Maryland, and at Morgantown, West Virginia. Upon completion of each of these assignments he returned to his home at Pittsburgh. On the ground that these employments of the taxpayer in the *Schurer* case were temporary, we held that the $920 which the taxpayer claimed as a deduction for board and lodging and the $21.20 which he deducted for railroad and bus fare should be allowed as deductions for traveling expenses while away from home. The facts in the *Leach* case, *supra*, were substantially the same as those present in the *Schurer* case. We followed that case in holding that the amounts claimed by the taxpayer as deductions for meals and lodging for 49 weeks while away from his home in Florence, Alabama, working on several different jobs in erecting structural steel, which jobs, according to our findings of fact in that case, ranged from a few weeks to several months each, were deductible. In that case we allowed the taxpayer a deduction of $564 as the cost of lodging incurred while away from home in pursuit of his business.

We think the facts in the instant case with reference to petitioner's employment with Babcock & Wilcox in 1953 and 1954 at Rome, Georgia, are different from those present in the *Schurer* and *Leach* cases, *supra*. In those cases, employment on the several jobs on which the taxpayers were engaged during the taxable years was clearly temporary, and we so held. We do not think it is so in the instant case as to petitioner's employment with Babcock & Wilcox. That employment was begun April 27, 1953, and extended to April 22, 1955, nearly 2 years. It is true that there were two interruptions due to strikes by another union which was also on the Babcock & Wilcox job.

(a) EXPENSES.—
   (1) TRADE OR BUSINESS EXPENSES.—
    (A) In General.—* * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *

SEC. 24. ITEMS NOT DEDUCTIBLE.
  (a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—
   (1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x) ;
[For the year 1954 the Internal Revenue Code of 1954 is applicable but the relevant statutes are substantially the same as above.]

One of these interruptions was from July 1 to July 14, 1953, and the other one was from July 14 to early in August 1954. Petitioner seems to think that because of these brief interruptions of his employment, his job with Babcock & Wilcox should be characterized as temporary and, therefore, brought within the rule laid down in the *Schurer* and *Leach* cases, *supra*. We disagree.

We think the instant case is more like that of *Beatrice H. Albert*, 13 T. C. 129 (1949), where the taxpayer was denied deductions for claimed expenditures as "traveling expenses * * * while away from home." In holding against the taxpayer in that case we said:

The employment * * * lacked permanence, but, on the other hand, was indefinite in duration rather than obviously temporary, in that it was not the sort of employment in which termination within a short period could be foreseen, as was the situation in *Harry F. Schurer*, 3 T. C. 544, and *E. G. Leach*, 12 T. C. 20, The suggestion or warning that there might be a change of station upon short notice does not justify extensive discussion, since the evidence fails to show how probable this possibility was, except for the fact that the petitioner actually remained on duty in Lowell from 1943 until the end of 1945. * * *

See also *Ford* v. *Commissioner*, (C. A. 4, 1955) 227 F. 2d 297, affirming T. C. Memo. 1954–209.

There is a well recognized difference between "indefinite" employment and "temporary" employment. *Henry C. Warren*, 13 T. C. 205 (1949).

In the instant case, petitioner, according to his own testimony, knew that the job at Rome, Georgia, was going to be of considerable duration and the effect of his testimony is that he had no reason to believe that his employment would not last until Babcock & Wilcox completed its contract with Georgia Power Company. Petitioner does lay stress in his brief on the fact that his union had the power to call him off the job at any time it chose to do so and to send him to another place to work. We will assume that this is true on the strength of petitioner's testimony to that effect, although no union official testified to anything about it. But the fact remains that the union did not call petitioner off the job and he worked at Rome, Georgia, for nearly 2 years, except for brief interruptions in the summers of 1953 and 1954 when another union was on strike. Under these facts, we do not think petitioner's employment at the Rome, Georgia, job in 1953 and 1954 can be characterized as "temporary" such as was present in the *Shurer* and *Leach* cases, *supra*.

We think the instant case is distinguishable on its facts from our decision in *James E. Peurifoy*, 27 T. C. 149, revd. (C. A. 4, 1957) 254 F. 2d 483. In our Findings of Fact in the instant case we have a paragraph which reads:

Petitioner's employment at Rome, Georgia, was as a boilermaker employed by the Babcock & Wilcox Company in installing three large boilers at that place for Georgia Power Company. The structural contract which Babcock & Wilcox

had with the Georgia Power Company included the construction of three large steam boilers and was the largest job the petitioner had ever been employed on as a boilermaker. He believed it would take a year or two to complete the contract when he accepted the employment. He also had reason to believe that Babcock & Wilcox would afford him employment on the job until it was completed. His union could have pulled him off the job and sent him elsewhere to work on another job at any time the union wanted to do so. However, the union did not call petitioner off the job while he was employed by Babcock & Wilcox on the Rome, Georgia, job in 1953 and 1954.

We think the facts stated in the above-quoted paragraph serve to distinguish the instant case from *James E. Peurifoy, supra.*

For the reasons stated above, we sustain the Commissioner in his determination.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

MURDOCK, *J.*, dissenting: The business in which this petitioner was engaged required him to accept temporary employment at various places to which he was sent by his local union. It was reasonable, under all of the circumstances of that business, for him to have a family home at Jasper, a relatively central location with respect to the employment which he was obtaining. His temporary absence from that home on short jobs has been recognized for the deduction of travel expense but on the longer job it has been denied. There is no more reason to require the petitioner to move his home to the Rome employment than to the others. That employment was for a relatively short period and might even have ended much sooner than it did. *Harry F. Schurer*, 3 T. C. 544; *E. G. Leach*, 12 T. C. 20; *James E. Peurifoy*, 27 T. C. 149; *Alois Joseph Weidekamp*, 29 T. C. 16.

OPPER, RAUM, and FORRESTER, *JJ.*, agree with this dissent.

---

ATKINS, *J.*, dissenting: We have heretofore carefully considered the difficult problem of the deductibility of traveling expenses in the case of construction workers and others similarly situated who earned their livelihood by accepting temporary jobs away from the places of their residences. We have held that such expenses incurred while away upon jobs would be considered as having been incurred while away from home in the pursuit of the taxpayer's trade or business, provided the jobs were temporary, as distinguished from indefinite or permanent. See *Harry F. Schurer*, 3 T. C. 544, *E. G. Leach*, 12 T. C. 20, and *James E. Peurifoy*, 27 T. C. 149, revd. (C. A. 4) 254 F. 2d 483, on the ground that the petitioners had not met the burden of proof of showing that their employment was not of indefinite duration. See also *Coburn* v. *Commissioner*, (C. A. 2) 138 F. 2d 763.

This position is not in conflict with *Commissioner* v. *Flowers*, 326 U. S. 465. There the Supreme Court held that a person employed permanently or for an indefinite time at a post of duty was not entitled to deduct living expenses at such post of duty or travel expenses between the post of duty and his place of residence, because such expenses were not required in the pursuit of the employer's business and did not further that business. And it may be added that the Supreme Court there deliberately refrained from deciding whether "home" as used in the Internal Revenue Code means the place of business or whether it means the taxpayer's actual residence.

The respondent does not here contend that the petitioner was not himself in business. Nor does he contend that his "home" was at the place of employment, if such employment was of temporary and short duration. Indeed, he allowed deduction of expenses in connection with short-term employment away from his regular home. This was apparently because at the place of residence the taxpayer had local union affiliation and had what might be termed a business headquarters. But he does contend that if the employment away from the place of residence or business headquarters is not for a short term, the place of employment becomes the post of duty, that such post should be considered the worker's "home"; and that while there his expenses should not be considered as having been incurred while away from home in pursuit of his business within the intendment of the statute. This, as I see it, is tantamount to contending that in such a situation the employment becomes indefinite or permanent with the same ensuing tax consequences as in the *Flowers* case.

If the worker does take indefinite or permanent employment, there can be no doubt that the respondent's contention is correct. But if in any case the evidence, fairly construed, shows that it was not the purpose to take indefinite or permanent employment and that the taxpayer's failure to maintain his home at the place of employment (with resultant additional living and travel expenses) was due to the exigencies of his business, and not to reasons personal to him, then the expenses should be allowed as deductions. The answer in each case depends upon the facts and circumstances shown. The duration of the employment is not, in itself, determinative; it is a factor to be considered together with the other evidence, and may have an important bearing in determining the taxpayer's intent and the basic character of the expenditures.

In the instant case the petitioner was away on one job for periods totaling approximately 22 months. However, the facts indicate that he did not intend to be away indefinitely or permanently, and it would seem that this job, although of longer duration than other jobs, fell within the pattern required by his business of taking employment temporarily wherever employment was available. It has been found

that he was subject to call by his union to go elsewhere to accept employment. Under the circumstances it would not have been reasonable for him to move his residence and family to the situs of his work. Accordingly, I cannot concur in the view that his "home" was at the place of employment. I would hold that the expenses were incurred while away from the petitioner's home in the pursuit of his trade or business. The findings of fact do not indicate to me that the extra living expenses were occasioned by reason of his personal conveniences and necessities, as distinguished from the exigencies of his business.

For the foregoing reasons, I dissent from the holding of the majority.

OPPER, RAUM, and FORRESTER, *JJ.*, agree with this dissent.