**Kermit L. CLAUNCH and Willodean Claunch, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 17436.**

United States Court of Appeals
Fifth Circuit.

March 10, 1959.

---

Walter L. Mims, Birmingham, Ala., Frank Bainbridge, Frank M. Bainbridge, Bainbridge & Mims, Birmingham, Ala., of counsel, for petitioner.

Kenneth E. Levin, Lee A. Jackson, Dept. of Justice, Washington, D. C., Arch M. Cantrall, Chief Counsel, Charles P. Dugan, Special Atty., Int. Rev. Serv., Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for respondent.

Before HUTCHESON,. Chief Judge, and CAMERON and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from a decision of the Tax Court, 29 T.C. 1047, brings up again a question many times presented to and answered by this and other courts. This question is whether a worker, who maintains a home as a family residence at one place while engaging in his trade or occupation at another place or places, is entitled to deduct from his gross income the expenses he incurs for travel to, and lodging and meals at, those places in pursuit of his trade.

This court, in Flowers v. Commissioner, 5 Cir., 148 F.2d 163, reversing the Tax Court threw down, and the Court of Appeals for the Fourth Circuit, in Barnhill v. Commissioner, 148 F.2d 913, affirming the Tax Court, took up, the gauntlet in cases presenting the same general question. In resolution of the conflict thus resulting, the Supreme Court, in Commissioner v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203, an opinion apparently intended to end all opinions on the subject, took its stand with the Tax Court and the Court of Appeals for the Fourth Circuit and against our opinion. As might, however, have been expected, the differences between the two approaches to the question, like Banquo's ghost, would not down. Aided by an ameliorating exception, drawing a distinction between merely temporary employment and employment which is indefinite and indeterminate, engrafted by the Tax Court on the Flowers case and accepted by the commissioner, taxpayers have sought in case after case to present a state of fact which will bring them within the exception. While in the Tax Court [1] they have met with some success, in other courts [2] they have not fared so well.

Now, fourteen years after Flowers, the wheel has turned full circle round, and into the Court of Appeals for the Fifth Circuit, like Agag, stepping delicately and saying, "Surely the bitterness of death is past.", come taxpayers seeking, as Flowers did, the reversal of a decision in the Tax Court against him. Arguing that Peurifoy's case was not well decided, they implicitly, if not expressly, invite us to make a conflict with it or at least with its reasoning. We cannot do so.

While I am the sole survivor of the court which decided the Flowers case and, convinced against my will, am of the same opinion still, it seems perfectly clear to me, as it does to my brothers,

1. Harry Schurer, 3 T.C. 544; E. G. Leach, 12 T.C. 20; James Peurifoy, 27 T.C. 149.

2. Cf. Carragan v. Commissioner, 2 Cir., 197 F.2d 246; Hammond v. Commissioner, 5 Cir., 213 F.2d 43; and last

but by no means least, Commissioner v. Peurifoy, 4 Cir., 254 F.2d 483, affirmed on its facts, Per Curiam, three judges dissenting, Peurifoy v. Commissioner, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30.

that, in the absence of congressional action or a redecision in the Supreme Court, the law has been, is now, and must continue to be declared as the Court of Appeals declared it in the Peurifoy case. Therefore, though, as the Fourth Circuit in the Barnhill case was confronted with our prior decision in the Flowers case, we are confronted with the Fourth Circuit's prior decision in Peurifoy's case, we decline to take issue, and announce our agreement, with its decision. In addition, appellants argue that the facts in this case are different from those in Peurifoy's and the Tax Court misconceived and misapplied the law to them. We agree with the taxpayers that, as the Tax Court pointed out in its opinion, the facts in this case are to some extent different from those in Peurifoy's. We agree with the Tax Court, however, that they make an even stronger case against the taxpayers than the facts in that case did.

The decision of the Tax Court is affirmed.