**Lloyd G. JONES and Marilyn A. Jones, Petitioners-Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 30932**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

June 4, 1971.

Lloyd G. Jones, pro se, for petitioners-appellants.

Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Daniel B. Rosenbaum, Attys., Tax Div., U. S. Dept. of Justice, K. Martin Worthy, Chief Counsel, Chris J. Ray, Internal Revenue Service, Mary J. McGinn, Atty., Dept. of Justice, Tax Div., Washington, D. C., for respondent-appellee.

---

\* [1] Rule 18, 5 Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Taxpayer[1] appeals from the Tax Court's disallowance of claimed deductions for meal and lodging expenses which he incurred during the years 1963 to 1966 inclusive while attending school in Ohio on an incentive fellowship made possible by his employer. He contends that his stay in Ohio was temporary or of short duration. Taxpayer likewise appeals from the disallowance of his claimed deduction for moving expenses in 1963. We affirm.

The facts are undisputed. Taxpayer has been employed as a research engineer in Mobil Oil Corporation's Dallas Field Research Laboratory since 1959. In 1963 he was awarded Mobil's incentive fellowship, which provided for payment of his entire salary for three years while he devoted full time to obtaining his doctorate. At school taxpayer was required to pay all of his expenses. After completing his studies, taxpayer returned to the Dallas laboratory.

In September 1963 taxpayer moved his family to Columbus, Ohio, where they remained for three years while he attended Ohio State University. He leased several homes, maintained Columbus bank accounts, subscribed to local papers, and obtained Ohio License plates. However, he continued to pay Texas poll taxes, maintained his voting registration in Texas, retained his Texas driver's license, and continued to own a home in Dallas, which he rented at a profit until 1966, when he sold it for a loss. In September 1966 taxpayer returned to Mobil's Dallas laboratory and resumed the same general type of work which he had previously done.

In his tax returns for 1963 through 1966, taxpayer deducted all meal and lodging costs attributable to him while he resided in Ohio. Additionally, he deducted the expenses incurred in moving from Dallas to Columbus. The Tax Court sustained the Commissioner's deficiency determinations,[2] and this appeal followed.[3]

Contending that his presence in Columbus was "temporary" and "definite" rather than "indefinite", taxpayer argues that he thus comes within the purview of Regulation § 1.162–5(e) (1), 26 C.F.R. § 1.162–5(e) (1), which provides:

> If an individual travels away from home primarily to obtain education the expenses of which are deductible under this section, his expenditures for travel, meals, and lodging while away from home are deductible. * * * The rules set forth in this paragraph are subject to the provisions of section 162(a) (2), relating to deductibility of certain traveling expenses * * *.

Pursuant to this regulation and section 162(a), Internal Revenue Code of 1954, 26 U.S.C.A. § 162(a), taxpayer sought to deduct as business expenses expenditures for meals and lodging during the three-year school period. The Commissioner, in disallowing the claimed deductions, held that they were personal living expenses, expressly made non-deductible under section 262, 26 U.S.C.A. § 262. Thus the sole issue is whether taxpayer was "away from home," in the statutory sense, while he attended school in Ohio.

For purposes of section 162(a), a taxpayer's home is his abode at his principal place of business or employment. E. g., Wills v. Commissioner, 9 Cir. 1969, 411 F.2d 537, 540–541; Ney v. United States, 8 Cir. 1948, 171 F.2d 449, 451–455, cert. denied, 1949, 336 U.S. 967, 69 S.Ct. 940, 93 L.Ed. 1119; see Commissioner v. Stidger, 1967, 386 U.S.

1. Marilyn A. Jones is a party to this suit solely because she filed a joint tax return with her husband, Lloyd G. Jones, during the years in issue.

2. 54 T.C. 734.

3. The appeal is pursuant to section 7482 of the Internal Revenue Code of 1954. 26 U.S.C.A. § 7482.

287, 87 S.Ct. 1065, 18 L.Ed.2d 53; Bercaw v. Commissioner, 4 Cir. 1948, 165 F.2d 521, 523–24. Of course, the principal place of employment does not change to a place where the taxpayer is to be employed for only a short time. Consequently he is permitted in this instance to deduct duplicative expenses for meals and lodging. Commissioner v. Peurifoy, 4 Cir. 1957, 254 F.2d 483, aff'd per curiam, 1958, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30; see James v. United States, 9 Cir. 1962, 308 F.2d 204. But "if the prospects are that his work will continue for an 'indefinite' or 'intermediate' [sic —indeterminate] or 'substantially long' period, then the deduction is disallowed." Wright v. Hartsell, 9 Cir. 1962, 305 F.2d 221, 224; accord, Cockrell v. Commissioner, 8 Cir. 1963, 321 F.2d 504, 507; see Ham v. United States, 6 Cir. 1969, 408 F.2d 671; Claunch v. Commissioner, 1958, 29 T.C. 1047, aff'd, 5 Cir. 1959, 264 F.2d 309. Furthermore, as the Fourth Circuit has held in denying deductions for meals and lodging during a two-year absence from home, " '[t]he exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors.' " Ford v. Commissioner, 4 Cir. 1955, 227 F.2d 297, 299, quoting Commissioner v. Flowers, 1946, 326 U.S. 465, 474, 66 S.Ct. 250, 90 L.Ed. 203. In light of these principles, under the factual circumstances sub judice, substantial evidence supported the Commissioner's, and the Tax Court's, disallowance of taxpayer's claimed deductions for meals and lodging.

█ Taxpayer also sought to deduct the expenses which he incurred in moving his family from Texas to Ohio in 1963, claiming that they were ordinary and necessary business expenses under section 162 of the Code. In Commissioner v. Dodd, 5 Cir. 1969, 410 F.2d 132, 134, this Court held that such expenses incurred prior to December 31, 1963, were "non-deductible personal, living or family expenses pursuant to section 262."

Affirmed.