John R. and Margaret M. Masline v. Commissioner.
Masline v. Commissioner
Docket No. 3922-69.
United States Tax Court
T.C. Memo 1971-204; 1971 Tax Ct. Memo LEXIS 129; 30 T.C.M. (CCH) 850; T.C.M. (RIA) 71204; August 18, 1971, filed. *129 In May 1963 petitioner, who had been employed and living with his wife in Augusta, Georgia, accepted a new job as an estimator with a firm in Decatur, located in the Atlanta area, which is about 165 miles from Augusta. In October 1963, petitioner was hired by the D.M. Weatherly Company in Atlanta as chief estimator and has continued in this job to the date of the instant trial. At all times during this employment, petitioner worked at the company's Atlanta office. During the entire period of his employment in Atlanta, petitioner's wife and son, who was born in 1966, lived in Augusta. She preferred to reside in Augusta because she was employed as a teacher, had her social ties, physicians, and felt more secure there. On petitioners' joint Federal income tax returns for the taxable years 1965, 1966" and 1967, they claimed traveling deductions for petitioner's meals and lodging while living in 851 Atlanta and for his traveling expenses betweenatlanta and Augusta on weekends, all of which respondent disallowed as nondeductible personal living expenditures. Held, that the deductions in question are personal and not allowable as ordinary and necessary expenses of "traveling * * * while *130 away from home" as that phrase is used in sec. 162(a) (2), I.R.C. 1954. John R. Masline, pro se, 2279 Overton Road, Augusta, Ga. Charles B. Sklar, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Respondent determined deficiencies in petitioners' income tax as follows: Year
Deflciency
1965
$ 777.30
1966
1,162.66
1967
934.00
The sole issue presented for decision is whether during each of the taxable years 1965, 1966, and 1967 *131 the City of Atlanta, rather than Augusta, Georgia, was John R. Masline's tax home so that petitioners were not entitled to deduct as traveling expenses the cost of his meals and lodging in Atlanta or his transportation expenses between Augusta and Atlanta. Other adjustments to income for each of the taxable years involved herein were made by respondent which are not in dispute. Findings of Fact Some of the facts were stipulated and to the extent so stipulated are incorporated herein by reference. During each of the taxable years 1965, 1966, and 1967, as well as at the time of filing the petition herein, petitioners John R. and Margaret M. Masline were residents of the State of Georgia and for each of such years, petitioners filed their joint Federal income tax returns with the district director, Atlanta, Georgia. John R. Masline, hereinafter sometimes referred to as petitioner, is a civil engineer. He received his degree in civil engineering from New York University in 1932. He has since specialized in the construction of chemical plants. Petitioner was employed as chief estimator for the D.M. Weatherly Company in Atlanta, Georgia, hereinafter sometimes referred to as the *132 Company, on October 22, 1963, and has continued in the employment of the Company from that time to the date of the instant proceeding. At all times during his employment with the Company, petitioner has worked at the Company's Atlanta office. His job required considerable travel and petitioner was paid travel expenses by the Company whenever he was away from the Atlanta office on business. Before coming to Atlanta, petitioner lived with his wife in Augusta, Georgia, where he was employed by the Southern Construction Company. This company went out of business in February 1963, and petitioner was unable to find satisfactory employment in Augusta. In May 1963, petitioner was employed as an estimator for the T.C. Brittain Company in Decatur, Georgia, which is located in the Atlanta metropolitan area. Petitioner's employment with T.C. Brittain Company continued until October 20, 1963. The D.M. Weatherly Company is an engineering and construction firm primarily engaged in the design and construction of air reduction chemical plants which produce nitrates, often used in fertilizers. Petitioner was the first estimator employed by the Company. He made no written application for such employment *133 and has had no written employment contract with the Company. While petitioner's duties have increased, they have remained essentially the same in character to the time of the instant proceeding except that with the expansion of the Company, petitioner's supervisory duties became more extensive. Petitioner was promoted to manager of estimating in 1968 (a year not in issue). Petitioner's position, manager of estimating, was part of the marketing division of the Company. In this capacity, petitioner held a management position and had extensive duties including responsibility for the preparation of the "job estimate - budget" (which was the basic estimate for the total cost of each job), supervision of employees in his department, taking state licensing examinations, and holding personal licenses for the Company in California, Utah, Louisiana, Florida, North Carolina, and South Carolina. Some state licenses were transferable but others were not. Where licenses were not transferable, the Company could perform no work in those states if petitioner were to leave the Company until other licenses had been obtained. 852 During each of the years 1964 to 1967, inclusive, petitioner prepared *134 job estimate - budgets for the Company as follows: Year
Number of job estimatesprepared by petitioner
1964
33
1965
22
1966
10
1967
12
During the taxable years involved herein, petitioner's only employment was with the D. M. Weatherly Company, Atlanta, Georgia. Augusta is 168 miles from Atlanta, Georgia. During the entire period of petitioner's employment with the Company, his wife and son Randolph, who was born in 1966, lived in Augusta, Georgia. From 1960 to the date of the instant trial, his wife Margaret had been employed as a teacher by the Richmond County Board of Education, Augusta, Georgia. Margaret preferred to live in Augusta rather than Atlanta because she had friends, was employed, and felt safer there. She was a registered voter in Augusta, and belonged to a church and several local organizations. Petitioner was also a registered voter and had been called to serve as a juror in Augusta, although he did not so serve. He belonged to the Augusta Elks Club. He had no church membership either in Augusta or Atlanta. He did not belong to any civic organizations in Atlanta. When petitioner came to Atlanta (Decatur) in May 1963, he lived in motels *135 until July, at which time he leased a furnished, one-bedroom apartment at Live Oaks in Decatur. This apartment was located near his place of employment at that time, T.C. Brittain Company. The lease was for 6 months at a rental of $100 per month. Petitioner was required to pay for his own utilities. From January 1964, to May 1964, petitioner leased a furnished efficiency apartment at the Darlington Apartments in Atlanta, located reasonably close to the D. M. Weatherly Company, where he was then employed. This apartment was rented under a 1-year lease for $105.35 per month, including utilities; however, the lease could be terminated with certain penalties if one month's notice was given. From May 1964, to September 1964, petitioner again tried living in motels in Atlanta but found the arrangement unsatisfactory. Accordingly in September 1964, he returned to the Darlington Apartments where he rented a furnished efficiency apartment under the same type of lease agreement for a rental of $110.35 per month. He has continued to reside at the Darlington Apartments to the date of the instant proceeding. In December 1967, he moved to an unfurnished apartment in the same building at a rental *136 of $99.50 per month. On their Federal income tax return for each of the taxable years at issue, petitioners claimed deductions for expenses of John's living in Atlanta and for his travel between Atlanta and Augusta, Georgia, as follows: Items claimed
1965
1966
1967
Gasoline
$ 561.77
$ 537.82
$ 634
Insurance
185.70
Tires
140.29
56.99
263
Repairs
154.04
164.58
Meals and lodging
2,089.96
2,183.56
2,494
Depreciation
866.66
433.35
Auto tag 15.00
10.00
10
$4,013.42
$3,386.30
$3,401
Ultimate Findings of Fact During each of the taxable years 1965, 1966, and 1967, petitioner's tax home was Atlanta, Georgia. Petitioners were not entitled to deduct as traveling expenses the cost of petitioner's meals and lodging in Atlanta or his transportation expenses between Augusta and Atlanta, Georgia. Opinion Respondent determined that Atlanta, Georgia, was petitioner's home for tax purposes during the time he was employed by the D. M. Weatherly Company in Atlanta, and accordingly the deductions for meals, lodging, and transportation claimed on his returns for each of the taxable years 1965, 1966, and 1967 were personal living expenses *137 under section 262 of the Code of 1954, and were not properly deductible under section 162 of the 1954 Code as traveling expenses paid or incurred "while away from home." Petitioner, in opposition, contends that his employment with the Company in Atlanta was temporary and that his "home" for income tax purposes was in Augusta during the taxable period involved herein within the intendment of section 162(a)(2) of the Code of 1954. The pertinent portion of section 162 (a)(2) of the Code of 1954 provides: 853 SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * * Conversely, section 262 of the 1954 Code and the related regulations, section 1.262-1 (a) and (b)(5), Income Tax Regs., provide that no deduction is allowable for personal, living, or family expenses. See Jerome Mortrud, 44 T.C. 208, 211-12 (1965), *138 for a brief discussion of the legislative history of the applicable portions of these sections of the Code. A taxpayer's expenses for his own food, lodging, and transportation are clearly "personal, living, or family expenses," and therefore they are nondeductible unless expressly permitted by some other section, in this instance, section 162 of the Code. The decisions on the issue involved herein are too numerous to mention and a detailed discussion of them would extend this opinion interminably. Twice the question has reached the Supreme Court with dissenting opinions in both cases. See Commissioner v. Flowers, 326 U.S. 465 (1946), rehearing denied 326 U.S. 812 (1946); Peurifoy v. Commissioner, 358 U.S. 59 (1958). The Supreme Court in the Flowers case, in dealing with a similar issue under section 23(a)(1)(A) of the 1939 Code (which section was the predecessor of the law applicable to the instant case, section 162 (a)(2)), said in part: Three conditions must be satisfied before a traveling expense deduction may be made under section 23(a)(1)(A): (1) The expense must be a reasonable and necessary traveling expense, as that term is generally *139 understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. (2) The expense must be incurred "while away from home." (3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade. Here respondent, relying on the second condition, contends that petitioner did not incur the expenses in controversy "while away from home" within the purview of section 162(a)(2). It is not disputed that the expenses in question were incurred for meals and lodging in Atlanta and for travel between Atlanta and Augusta, Georgia, on weekends. It is well settled that "home" for purposes of section 162(a)(2), supra, means the vicinity of the taxpayer's principal place of business, employment or post or station at which he is employed and not where his personal residence is located, if such residence is located in a different place from his principal place of employment. Also, we have *140 consistently held that expenditures for meals and lodging at such principal place of employment are nondeductible expenses. Ronald D. Kroll, 49 T.C. 557, 561-562 (1968); James R. Whitaker 24 T.C. 750 (1955); Mort L. Bixler, 5 B.T.A. 1181 (1927). Further, if the employment while allegedly away from home, even if temporary in its inception becomes substantial, indefinite, or indeterminate in duration, the situs of such employment becomes the taxpayer's "tax home" and expenses of meals and lodging there incurred are not deductible. Ronald D. Kroll, supra, 562; Floyd Garlock, 34 T.C. 611, 614-615 (1960); Kermit L. Claunch, 29 T.C. 1047 (1958), affd. 264 F. 2d 309 (C.A. 5, 1959). With respect to deductions for traveling expenses under section 162(a)(2), it is well established that the taxpayer's job must require the traveling expenses incurred. It was held, in substance, in the Flowers case, supra, that in order to come within the provisions of section 23(a)(1)(A), I.R.C. 1939, the predecessor of section 162(a)(2), the expenses for which a taxpayer seeks a deduction must have been incurred in *141 connection with business trips and such trips are to be identified in relation to business demands and the traveler's business headquarters. In short, the exigencies of business rather than the necessities or personal preference of the traveler must be the motivating force. Darrell Spear Courtney, 32 T.C. 334, 342 (1959); Harold Gilberg, 55 T.C. 611, 616 (1971). 854 Applying the foregoing principles to the facts of record, we are convinced that during the taxable years involved, Atlanta was petitioner's only place of permanent employment and, accordingly, we hold that Atlanta was his "tax home." He was not in a travel status as that term is generally understood while commuting between his residence in Augusta and his place of employment in Atlanta. See Fred G. Armstrong, 43 T.C. 733 (1965). He was merely traveling to Augusta, Georgia, on weekends to visit with his wife who preferred to live in that City. When, as here, a taxpayer moves to a new permanent post of employment, it is reasonable to expect him to move his residence as well and thereby incur only one set of living expenses which are, of course, nondeductible under section 262, *142 supra, and if he does not choose to do so, and thereby incurs living expenses at his new post of employment while maintaining his old residence, it is clear that the duplication does not arise from business necessities but from personal considerations; and hence such expenses are nondeductible within the ambit of section 262. The record shows that during the taxable years involved, petitioner's post of employment in Atlanta was (as well as at the time of this trial) indefinite or permanent. Petitioner has resided and has been employed in Atlanta since May 1963, almost 7 years. He has been employed by the same employer, D. M. Weatherly Company, since October 22, 1963, approximately 6 1/2 years. His position as chief estimator and later as manager of estimating in 1968 (a year not before us) was a responsible supervisory position. Moreover, petitioner had taken licensing examinations and held personal licenses in his own name in several states, some of which were transferable but others were not. Where such licenses were not transferable, the Company would not have been permitted to engage in contracting within those states if petitioner had left the Company until other licenses had *143 been obtained. In our opinion, the uninterrupted period of time petitioner resided in Atlanta employed by the same employer and his status with this company satisfies us that by January 1, 1965, the first day of the first year involved herein, his residence in Atlanta was well established and had acquired a susbtantial degree of permanence. It is evident that his job did not lack permanence, in that it was not the sort of employment in which termination within a short period could be foreseen; and certainly by 1965, petitioner's employment with D. M. Weatherly Company had ripened into one of permanence. Although petitioner may have gone to Atlanta in 1963 with the intention of staying there temporarily, that is, until he could obtain employment in Augusta, the duration of his stay turned out to be substantial. We therefore find that the petitioner's stay in Atlanta was indefinite or indeterminate, rather than temporary, and that his tax home was in Atlanta during the taxable period before us. Ronald D. Kroll, supra, 564. Kermit L. Claunch, supra, 1052. We reject petitioner's contention that all of the expenditures in question were incurred in pursuit *144 of his trade or business. All of petitioner's business travel outside of Atlanta was on behalf of his employer, the D. M. Weatherly Company. All of such travel out of Atlanta and returning to Atlanta was paid for by the Company and none of the expenses for such travel are involved herein. Such travel by petitioner on behalf of his employer has no effect on his post of duty, which at all times remained at his employer's main office in Atlanta. Petitioner's travel between Atlanta and Augusta, Georgia, was for personal, not business purposes. He went to Augusta on weekends for his own convenience to be with his wife and son, and the expenses incurred in connection with such trips constituted personal nondeductible expenditures. Darrell Spear Courtney, supra.See Barnhill v. Commissioner, 148 F. 2d 913 (C.A. 4, 1945), affirming a Memorandum Opinion of this Court, where deductions for meals, lodging, and for transportation expenses virtually the same as those in the instant case were considered as commuting expenses and were denied. Secs. 1.162-2(e), 1.262-1(a) and (b)(5), Income Tax Regs.; Rev. Rul. 60-189, 1960-1 C.B. 60. Although petitioner has *145 made an earnest presentation of his position, we must conclude that his reason for maintaining a residence for his family in Augusta, Georgia, and his own connection with Augusta during the taxable years involved are entirely personal and totally unrelated to his employment in Atlanta. From the record it is clear that Atlanta was petitioner's principal place of employment or "tax home" for income tax purposes. Since 855 all of the expenditures in question were motivated by his own personal requirements and those of his wife, such expenses are nondeductible under section 262, supra. Accordingly, we sustain respondent in his determination. Decision will be entered under Rule 50.