**Morton L. E. CHWALOW and Esther L. Chwalow, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 71-2101.**

United States Court of Appeals, Third Circuit.

Submitted Oct. 17, 1972.

Decided Dec. 19, 1972.

Dr. and Mrs. Morton L. E. Chwalow, pro se.

Scott P. Crampton and Meyer Rothwacks, Dept. of Justice, Tax Division, Washington, D. C., for appellee.

Before GIBBONS and JAMES ROSEN,* Circuit Judges, and LAYTON, Senior District Judge.

## OPINION OF THE COURT

### PER CURIAM:

This is an appeal from the unreported decision of the Tax Court that certain expenditures incurred by Dr. Morton Chwalow for rent and food while living in Washington, D. C., during the year 1967 were not deductible expenses within the meaning of Section 162(a)(2) of the Internal Revenue Code of 1954.

The case was presented to the Court below on a stipulated set of facts which for the purposes of this opinion have been abbreviated as follows. From 1967 to the present time, the taxpayers have maintained a residence in Bala Cynwyd, Pennsylvania. Mrs. Chwalow is a teacher in the Philadelphia public school system and specializes in working with deaf children. Her contributions have received recognition in the local newspapers.

Dr. Chwalow is a physicist whose specialty is military optics and electrooptics encompassing areas such as night vision, laser range finding, missile guidance, aerial reconaissance, etc. It is uncontroverted that for various reasons the job market in this specialty was particularly tight at this time. Accordingly, Dr. Chwalow accepted temporary employment for the first few months of 1967 with the Kollsman Instrument Company in New York. The Commissioner allowed reasonable living expenses associated with this employment to be de-

---

* Judge Rosen participated in the conference concerning this case but died before this opinion was filed.

ducted from Dr. and Mrs. Chwalow's joint income tax return for 1967.

In March 1967, Dr. Chwalow accepted a position with IBM in Washington, D. C., where he took up residence. During 1967, he was assigned to three different locations in the Washington, D. C., metropolitan area, all of which were within five to 17 miles of his residence. Dr Chwalow used public transportation and a special chartered bus provided by IBM to reach his place of employment because he did not drive an automobile. Throughout this year, Mrs. Chwalow continued to live in Bala Cynwyd.

The issue before the Tax Court was whether the rental and other living expenses incurred by Dr. Chwalow while in Washington were incurred while "away from home" within the meaning of Section 162. The Commissioner argued that it was not, that the position in Washington, D. C., was permanent and that Washington was, therefore, the appellant's "tax home." The decision to maintain two residences in Philadelphia and Washington was a "personal" decision and not motivated by business exigencies.

Appellant, on the other hand, urged that the situation was not of his own creation or choice. He maintained that he took the job to avoid unemployment. Moreover, he alleges that during 1967 it was seriously considered that he be transferred to another location of IBM either in Huntsville, Alabama, or Oswego, New York, where he might practice his specialty. Moreover, his wife did not wish to move to Washington since any interruption of her teaching of deaf children would constitute a detriment to the public.

■ It appears well settled that living expenses at a particular locale cannot be deducted under Section 162 in connection with employment which is permanent. An exception to this rule, however, has developed where the nature of the employment is "temporary." But a job which is of "indeterminate" or "indefinite" duration will not give rise

to deductible expenditures. Peurifoy v. Commissioner, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958). Rev.Rul. 60–189, 1960–1 Cum.Bull. 60.

■ We have carefully reviewed the record and conclude that the decision of the Tax Court that Dr. Chwalow's employment with IBM in Washington was "indefinite and indeterminate" rather than "temporary" is supported by the record and is consistent with other decisions on this question. Claunch v. Commissioner, 29 T.C. 1047 (1958), aff'd, 264 F.2d 309 (5th Cir. 1959); Stricker v. Commissioner, 54 T.C. 355 (1970), aff'd, 438 F.2d 1216 (6th Cir. 1971).

■ We think this conclusion is further buttressed by appellant's statement in his brief on appeal that he accepted the job with IBM under the impression that it would be permanent and that only later did he find out about the possibility of transfer. Moreover, the record does not show that any possibility of transfer was considered until August of 1968. Assuming, however, that a distinct possibility of transfer was realized within the taxable year, we agree with the Tax Court that this impermanence and possibility of transfer which is inherent in many jobs does not make that job "temporary" or "of short duration." Claunch v. Commissioner, *supra,* 29 T.C. at 1052; Albert v. Commissioner, 13 T. C. 129 (1949).

■ Although Dr. Chwalow's desire to be employed and Mrs. Chwalow's dedication to her work are to be commended, we do not think their motives obviate the Tax Court's conclusion that they have separate "tax homes." The tax laws are written on the assumption that there will be a common marital domicile and that considerations such as employment will be resolved accordingly. Where additional expenses are incurred because, for personal reasons, husband and wife maintain separate domiciles, no deduction is allowed. Coerver v. Commissioner, 36 T.C. 252 (1961), aff'd per curiam, 297 F.2d 837 (3rd Cir. 1962); Hammond v. Commissioner, 20 T.C. 285

(1953), aff'd, 213 F.2d 43 (5th Cir. 1954). The fact that taxpayers have filed a joint tax return does not mean that they must have a single "tax home." Each deduction on a joint tax return must still be allowable as to one of the taxpayers. Appellant having failed to show that his expenses in Washington were incurred in connection with "temporary" employment requiring him to be away from home, he is not entitled to a deduction under Section 162. Coerver v. Commissioner, *supra*.

The decision of the Tax Court will be affirmed.