MORTON L. E. CHWALOW and ESTHER L. CHWALOW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chwalow v. Commissioner
Docket No. 696-73.
United States Tax Court
T.C. Memo 1974-89; 1974 Tax Ct. Memo LEXIS 227; 33 T.C.M. (CCH) 454; T.C.M. (RIA) 74089; April 15, 1974, Filed. Morton L. E. Chwalow, pro se. Howard W. Gordon, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency of $1,426.83 in petitioners' Federal income taxes for the calendar year 1970. Respondent has made certain concessions and the sole issue now remaining for our decision is whether petitioners may deduct expenses for meals and lodging as "away from home" expenses within the meaning of section 162(a) (2) of the Internal Revenue Code of 1954. [1]
FINDINGS OF FACT Some of *228 the facts have been stipulated and are so found. Petitioners are individuals who for years have maintained two residences. At the time the petition herein was filed one of these residences was located at 32 Conshohocken State Road, Bala Cynwyd, Pennsylvania, 19004. Petitioners filed a joint income tax return for the year in issue with the district director of internal revenue at Philadelphia, Pennsylvania. Morton L. E. Chwalow (petitioner) is a physicist. He was first employed by International Business Machines (IBM) on March 13, 1967, as a physicist to work in fields which included, inter alia, night vision, military optics, and electrooptics, such as laser range finding, missile guidance, and aerial reconnaissance. IBM was considering entering into the above fields at that time and petitioner was hired in their Federal Systems Division of their Space Systems Center. When petitioner was hired by IBM it was his understanding that his assignment would be a permanent one in the Washington, D.C., area, and he in fact worked for that company at the following locations for the periods indicated: March 1967 to July 1967 - Bethesda, Maryland
July 1967 to October 1968 - Rockville, *229 Maryland
October 1968 to June 1969 - Bethesda, Maryland
June 1969 to October 1972 - Gaithersburg, Maryland
During this entire time petitioner maintained a residence in Washington, D.C., which was 5 miles from IBM's Bethesda location, 12 miles from its Rockville location, and 17 miles from its Gaithersburg location. In August 1968, IBM's Space Systems Center headquarters was transferred from Bethesda, Maryland to Huntsville, Alabama. Petitioner's transfer to Huntsville was considered by IBM but instead he was transferred from the Space Systems Center to the Communications and Engineering Science Center and thus remained in the Washington, D.C., area working at the Gaithersburg location. In October 1972 petitioner was transferred into IBM's Systems Products Division, East Fishkill Facility, Hopewell Junction, New York. Beginning in 1967 and through the year in issue, Esther L. Chwalow has been employed as a teacher in the Philadelphia, Pennsylvania, public school system as a member of the Faculty of the Martin School for the Deaf in Philadelphia. Petitioner's employment by IBM in Gaithersburg, Maryland, was on a permanent or indefinite basis during the year in issue. *230 Petitioners herein are the same as those involved in Chwalow v. Commissioner, 470 F.2d 475 (C.A. 3, 1972), affirming T.C. Memo. 1971-185. This prior case involved the year 1967. OPINION Respondent has by answer affirmatively pleaded the doctrine of collateral estoppel and/or estoppel by judgment, but has elected not to rely upon such plea, and argues simply that, under the facts, petitioners' tax home for the year in issue was Gaithersburg, Maryland, and therefore expenses for meals and lodging are not "traveling expenses" incurred while away from home within the meaning of section 162(a) (2). We agree with this conclusion. Petitioner does not contend that there are any material differences between the circumstances of his employment in 1967 and his employment in 1970 which are relevant to the question of whether that employment was temporary. He argues now, as he did in the prior case, that IBM did not have sufficient work in his field in the Washington area to keep him fruitfully employed and that this operated to make his position with the company one of impermanence and therefore temporary.
Suffice it to say that these were the identical arguments *231 considered and disposed of by Chwalow v. Commissioner, supra (470 F.2d 475). We consider that case to have been correctly decided and we follow it here. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified. ↩