WILLIAM L. and JOAN S. GRIFFITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Griffith v. Commissioner
Docket No. 4564-77.
United States Tax Court
T.C. Memo 1978-397; 1978 Tax Ct. Memo LEXIS 117; 37 T.C.M. (CCH) 1651; T.C.M. (RIA) 78397; October 3, 1978, Filed *117 Petitioners claimed employee business deduction for husband-petitioner's living expenses near his job, separate from wife-petitoner's living quarters. Held, regardless of filing a joint return, each petitioner has a separate "tax home" for purposes of business deductions, which, for husband-petitioner, was his principal place of employment. Therefore, the living expenses of husband-petitioner were not incurred "away from home" and cannot be made so by a personal decision to relocate his family. Sections 162(a)(2), 262, I.R.C. 1954. William L. Griffith, pro se. Susan B. Watson, for the respondent. BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION BRUCE, Judge: Respondent determined a deficiency in petitioners' Federal income taxes for the taxable year 1974 in the amount of $ 1,785.99, as set forth in his statutory notice of deficiency dated April 28, 1977. The only issue presented for our decision is whether certain expenses of petitioners were incurred while away from home in the pursuit of a trade or business and thereby deductible under section 162(a)(2), Internal Revenue Code of 1954. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference. Petitioners, William L. and Joan S. Griffith, maintained two places of abode in 1974. William lived five days each week in Ocean City, Maryland, while Joan lived in Baltimore, Maryland, at petitioners' present address. Petitioners timely *119 filed a joint Federal income tax return for 1974. Both petitioners lived in Baltimore when the petition herein was filed. Joan is a party only by virtue of having filed a joint return with William. In 1967, William began employment with The Farms Company, Inc., (Farms), a builder of high-rise condominiums, and continued to be employed by Farms until 1975. William's position as Vice-President in charge of construction required his daily attention. From 1967 to 1972 petitioners resided together in Ocean City. In June of 1972, petitioners sold their home in Ocean City and Joan moved to their present residence in Baltimore. However, William's work with Farms continued and, to be near his job, William rented an apartment in Ocean City, living there five days each week for the next fe wyears, including all of 1974. Petitioners claimed William's 1974 living expenses in Ocean City as an employee business expense deduction on their joint return for 1974. Respondent has disallowed this deduction and determined a deficiency in petitioners' income taxes in the amount of $ 1,785.99. OPINION As a general rule, the costs of maintaining a place to live are nondeductible personal *120 expenses. Section 262. However, section 162(a)(2) provides an exception for those living expenses incurred for business reasons "away from home." [2] To provide for objective use of this exception, the Supreme Court of the United States established three qualifying criteria in the case of Commissioner v. Flowers,326 U.S. 465 (1946): (1) The expense must be reasonable and necessary; (2) the expense must be incurred while away from home; and (3) the expense must be incurred in the pursuit of a trade or business. All three criteria must be met before the taxpayer may use the deduction. Petitioners have failed to meet the requirements of the second criterion. Although petitioners filed a joint return *121 for 1974, this does not prevent each of them from having a separate "tax home" for determining business expense deductions. Chwalow v. Commissioner,470 F. 2d 475 (3 Cir., 1972), affirming a Memorandum Opinion of this Court; Coerver v. Commissioner,36 T.C. 252 (1961).When section 162(a)(2) is applied to each taxpayer's situation, the word "home" means the taxpayer's principal place of business or employment. O'Toole v. Commissioner,243 F. 2d 302 (2 Cir., 1957), affirming a Memorandum Opinion of this Court; Coerver v. Commissioner,supra.William's place of business, and thus his "home" relative to the deduction sought here, was established for eight years in Ocean City. Although William was uncertain of his desire to continue to be employed by Farms, his position required daily attention throughout 1974 and cannot be considered temporary. See Peurifoy v. Commissioner,358 U.S. 59 (1958); Chwalow v. Commissioner,supra;Claunch v. Commissioner,264 F. 2d 309 (5 Cir., 1959), affirming 29 T.C. 1047; Eaves v. Commissioner,33 T.C. 938 (1960). *122 Under section 162(a)(2), William's "tax home" in 1974 was Ocean City. Petitioners contend, and correctly so, that the purpose of section 162(a)(2) is to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur duplicate living expenses. Tucker v. Commissioner,55 T.C. 783 (1971). Petitioners have clearly shown that they maintained two places of abode during 1974. This alone is not enough. If petitioners had continued reading Tucker v. Commissioner,supra, they would have seen that we also stated therein that if a taxpayer chooses to maintain a family residence far from his principal place of employment for personal reasons, then his additional expenses are of personal choice and not deductible. The job and not the taxpayer's pattern of living must require those expenses. See also, Foote v. Commissioner,67 T.C. 1 (1976). Farms received no benefit from petitioners' move to Baltimore and subsequent maintenance of two abodes; nor did Farms require petitioners to move their belongings to Baltimore and to maintain two abodes. *123 On the contrary, William's testimony shows that the president of Farms made certain offers to persuade William to remain in Ocean City. Further, William stated in his testimony that petitioners' move to Baltimore was for "a variety of personal reasons." Therefore, even if we did accept petitioners' theory that William's "tax home" was in Baltimore, which we do not, the expenses of the duplicate living accommodations were not in the pursuit of William's trade or business and thereby personal and nondeductible. Section 262. Accordingly, Decision will be entered for the respondent.
Footnotes
1. All section references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including -- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business, * * *↩