RICHARD A. AND LINDA S. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 38313-87
United States Tax Court
T.C. Memo 1990-569; 1990 Tax Ct. Memo LEXIS 641; 60 T.C.M. (CCH) 1163; T.C.M. (RIA) 90569; October 30, 1990, Filed *641 Decision will be entered under Rule 155. Richard A. Smith and Linda S. Smith, pro se. Robert E. Cudlip, for the respondent. SWIFT, Judge
SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency of $ 24,272.38 in petitioners' joint Federal income taxes for 1985 and an addition to tax under section 6661[1] in the amount of $ 6,068.07. After settlement of some issues, the issues for decision are whether petitioners may *642 deduct certain expenses as "away from home" travel expenses under section 162(a)(2) and whether petitioners are liable for the addition to tax under section 6661. FINDINGS OF FACT Some facts have been stipulated and are so found. Petitioners were husband and wife during 1985, and they timely filed a joint Federal income tax return for 1985. At the time the petition in this case was filed, petitioner Richard A. Smith ("petitioner") resided in Laguna Beach, California, and Linda S. Smith resided in Salt Lake City, Utah. In 1978, petitioner was hired by PepsiCo, Inc. ("PepsiCo") as an in-house lawyer with Wilson Sporting Goods Company ("Wilson"), a wholly owned subsidiary of PepsiCo. Petitioner worked out of Wilson's headquarters in Chicago, Illinois. In 1979, petitioner was appointed general counsel *643 of Wilson and continued working out of the Chicago office until 1985. In late 1984 or early 1985, Pepsico began negotiating with a third party for the sale of Wilson. In anticipation of the sale of Wilson, petitioner was offered a position as general counsel of Taco Bell, Inc. ("Taco Bell"), another wholly owned subsidiary of PepsiCo, with headquarters in Irvine, California. Petitioner did not wish to relocate to California, but he was told that if he declined the position at Taco Bell his chances for further advancement with PepsiCo and its subsidiaries would be limited. Petitioner reluctantly accepted the position at Taco Bell, but he made it clear to PepsiCo and to Taco Bell executives that he wished to be reassigned to a position in Chicago or elsewhere in the Midwest as soon as possible. PepsiCo executives apparently agreed to reassign petitioner to the Midwest if and when an appropriate position became available. In February of 1985, petitioner made a number of trips to California in preparation for his transfer to Taco Bell. On or about March 15, 1985, petitioner leased an apartment in California and began working full time for Taco Bell. Petitioner's main office was *644 in Irvine, California. Petitioner took occasional business trips elsewhere in the United States in connection with his employment with Taco Bell, and petitioner continued to handle a limited number of business matters for Wilson for which he previously had been responsible. Petitioner Linda S. Smith and petitioner's daughter never moved to California when petitioner began working for Taco Bell in 1985. Petitioner Linda S. Smith stayed in the family residence in Illinois until July of 1985 when she moved to Texas. Petitioner's daughter continued her college studies in the Midwest. Petitioner and Linda Smith divorced in 1988. Petitioner was not successful in selling his and his wife's residence in Illinois until July of 1986. As of the date of trial, petitioner continues to serve as general counsel of Taco Bell and to work out of Taco Bell's offices in California. Petitioner also continues to own investment and recreational property in Illinois. In 1985, petitioner incurred $ 53,299 in travel and living expenses relating to his transfer to the new position in California with Taco Bell. Petitioner submitted to PepsiCo claims for reimbursement of these expenses on PepsiCo's *645 employee "relocation expense reports." Petitioner indicated on these reports that the expenses were incurred in connection with his new position with Taco Bell and with his move from Chicago to California and he described the expenses as relating to "pre-move travel, meals, and lodging to search for new residence" and as "temporary living expenses in new location prior to moving to permanent quarters." Expenses relating to business trips petitioner took in 1985 for PepsiCo, Wilson, and Taco Bell were reported by petitioner, and reimbursements with respect thereto were claimed on PepsiCo's employee "travel and expense reports." Generally, under PepsiCo's employee relocation policy, temporary living expenses were covered for only 60 days. In petitioner's situation, however, an exception was made, and PepsiCo reimbursed petitioner $ 44,255 of the total $ 53,299 in travel and living expenses petitioner incurred in 1985 in connection with his transfer to his new position in California. The $ 44,255 related to the expenses petitioner incurred from January of 1985 through October of 1985, after which month PepsiCo refused to reimburse petitioner for any further travel, living, or other *646 relocation expenses related to his new position with Taco Bell in California. In accordance with PepsiCo's employee relocation policy, PepsiCo also paid petitioner an amount equal to one-month's salary to cover miscellaneous moving expenses, and PepsiCo paid petitioner a substantial "gross up" to cover petitioner's additional income tax liability arising from the $ 44,255 of what was apparently assumed by PepsiCo to be nondeductible reimbursed moving expenses. At the end of 1985, PepsiCo sent petitioner an Internal Revenue Service Form 4782, Employee Moving Expense Information, which reflected the $ 44,255 and the other amounts which had been paid to petitioner in 1985 under PepsiCo's employee relocation policy. The total amount paid to petitioner also was reported as income on the 1985 W-2 Form PepsiCo gave to petitioner. For 1985, petitioner filed an Illinois State income tax return as a resident and a California State income tax return as a nonresident. On their 1985 joint Federal income tax return, petitioners claimed a business travel expense deduction under section 162 in the amount of $ 55,380. This included the $ 44,255 of petitioner's travel and living expenses (relating *647 to petitioner's transfer to Taco Bell in California) that was reimbursed by PepsiCo and that had been included in petitioner's 1985 income, as well as $ 9,404 of living expenses petitioner incurred in California from October of 1985 through December of 1985 that had not been reimbursed by PepsiCo, and $ 1,720 in office expenses petitioner had paid. On audit, respondent disallowed the entire $ 55,380 deduction. Respondent now concedes that the $ 1,720 in office expenses is allowable and that $ 8,947 of the claimed deduction is proper because it was incurred prior to March 15, 1985, the date on which respondent claims petitioner's tax home changed to California. OPINION Travel Expenses
Section 162(a)(2), in general, allows deductions for ordinary and necessary travel and associated living expenses incurred in a trade or business. In order for travel expenses to be deductible under section 162(a)(2), the expenses must be ordinary and necessary, the expenses must be incurred while in pursuit of a trade or business, and the expenses must be incurred while away from home. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). *648 Travel and living expenses related to employment that is indefinite in duration does not meet the "away from home" requirement of section 162(a)(2). Sanders v. Commissioner, 439 F.2d 296, 298 (9th Cir. 1971). Employment, however, that is foreseeably limited in its duration is not regarded as indefinite but as temporary, and travel and living expenses related to temporary employment in a new location qualify as deductible "away from home" expenses under section 162(a)(2). Neal v. Commissioner, 681 F.2d 1157, 1159 (9th Cir. 1982); Kasun v. United States, 671 F.2d 1059, 1061 (7th Cir. 1982). Employment that has a reasonable likelihood of continuing indeterminately or for a substantially long period of time is generally regarded as indefinite. Kasun v. United States, supra at 1061. A taxpayer who accepts indefinite employment in a location away from his home thereby shifts his tax home to the location of the new employment, *649 and the choice to maintain the prior residence becomes a personal choice, with respect to which travel and living expenses are not deductible under section 162(a)(2). Coombs v. Commissioner, 608 F.2d 1269, 1276 (9th Cir. 1979); see also Commissioner v. Flowers, supra.
As has been explained, "The job, not the taxpayer's pattern of living, must require the travel." Commissioner v. Peurifoy, 254 F.2d 483, 486 (4th Cir. 1957), citing Carragan v. Commissioner, 197 F.2d 246, 249 (2d Cir. 1952). And further, a job or assignment "which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time." Kasun v. United States, supra at 1061, citing Boone v. United States, 482 F.2d 417, 419 n.4 (5th Cir. 1973). In certain situations where the taxpayer has considered his employment temporary, has disliked the assigned post of employment, and has requested a transfer to another location, the employment has been found to be indefinite. See Kennedy v. Commissioner, 451 F.2d 1023 (3d Cir. 1971), *650 affg. a Memorandum Opinion of this Court. A tax home is not established by the mere filing of a joint return with a spouse who resides in a different location because spouses may have different tax homes. See Chwalow v. Commissioner, 470 F.2d 475, 477 (3d Cir. 1972); Foote v. Commissioner, 67 T.C. 1, 5 (1976). Petitioner argues that Illinois remained his home throughout 1985, that in 1985 his employment in California with Taco Bell was temporary, that his tax home remained in Illinois, and therefore that all of the travel and living expenses he incurred in 1985 in connection with his employment with Taco Bell should be allowed as deductible away from home travel expenses. Petitioner stresses that while in California, he maintained all of his contacts with Illinois, that in 1985 he did not want to move from Illinois, and that he was reimbursed by PepsiCo more than PepsiCo's employee relocation policy normally allows. Petitioner asserts that these facts, among others, establish that his transfer to Taco Bell in California was of a foreseeably limited *651 duration and therefore temporary. Respondent argues that petitioner's new position as general counsel of Taco Bell was not temporary and that California was petitioner's tax home after March 15, 1985. On the facts of this case, we conclude that petitioner's new position in California with Taco Bell, as of March 15, 1985, was of indefinite duration. Petitioner's expenses were reimbursed by PepsiCo as moving and relocation expenses, not as business travel expenses. Petitioner had no promise or indication of when his position at Taco Bell would terminate. His employment has, in fact, become long term. We hold that the expenses in dispute are not deductible under section 162(a)(2) as "away from home" business travel expenses. Additions to tax
Additions to tax under section 6661 were determined in the notice of deficiency at the rate of 25 percent. [2]
*652 Section 6661 requires an addition to tax if there has been a substantial understatement of income tax liability by the taxpayer. An understatement is the difference between the amount of tax required to be shown on a taxpayer's return and the amount actually appearing on the return less any rebates. The understatement is substantial if it exceeds the greater of 10 percent of the amount required to be shown on the return or $ 5,000. The taxpayer may reduce the amount of the understatement by showing that he had substantial authority for the position taken on the return or by adequately disclosing in or with the return all relevant facts affecting the tax treatment of the items giving rise to the understatement. On this particular record we conclude that petitioners had substantial authority for the deduction claimed on their 1985 joint Federal income tax return with respect to the expenses in question. Respondent's determination of the section 6661 addition to tax is not sustained. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Reference to 10 percent in respondent's brief is a misstatement of current law and contrary to the assertion in respondent's notice of deficiency of a 25-percent addition to tax under section 6661. See Pallottini v. Commissioner, 90 T.C. 498↩ (1988).